IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 08-00523 SPK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 2855 | ) | |
| PETE STREET IN HONOLULU, | ) | |
| HAWAII, ETC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**<u>ORDER GRANTING CLAIMANT'S MOTION FOR STAY OF PROCEEDINGS</u>**

Before the Court is Claimant's (Debra Anagaran, "Anagaran") Motion for Stay of Proceedings ("Motion"), filed on June 17, 2009.  No memorandum of opposition was filed.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  The Court therefore VACATES the hearing on the Motion, currently set for July 29, 2008 at 9:00 a.m.  After careful consideration of the Motion and the relevant legal authority, the Motion is HEREBY GRANTED for the reasons set forth below.

**<u>BACKGROUND</u>**

Plaintiff United States of America ("Plaintiff") filed a Complaint for Forfeiture ("Complaint") on November 20, 2008 seeking the forfeiture of real property located at 2855 Peter Street, Honolulu, Hawaii ("Property"), titled in Anagaran's name.

Plaintiff is seeking forfeiture of the Property on the basis that it constitutes or is derived from proceeds traceable to unlawful activity, namely, mail fraud and/or wire fraud.

The Complaint alleges that Anagaran was in a dispute with Stephen and Tessie Callo (collectively, the "Callos") concerning the ownership of the Property.  [Complaint at ¶ 9.]  As part of a negotiated settlement of that dispute, Anagaran agreed to make certain payments to or for the benefit of the Callos, including the pay-off of the existing mortgage on the Property, $201,568.67 for out-of-pocket expenses, $50,000.00 for rental payments and $55,181.25 for the Callos' attorney's fees, in exchange for receiving clear title to the Property.  [Id. at ¶ 10.]

In order to satisfy the payments set forth under the negotiated settlement, the Complaint alleges that Anagaran devised a scheme to defraud New Century Mortgage Corporation ("New Century") by submitting two loan applications, for separate loans of $600,000 and $150,000, respectively, that contained materially false representations and statements which inflated Anagaran's income and assets.  [Id. at ¶¶ 11-13.]  In furtherance of the scheme, the Complaint alleges that Anagaran used both the mail and wire in coordinating, signing and executing the mortgage and loan documents for the two loans and that New Century ultimately funded the two loans for Anagaran in the total amount

of $750,000.  [Id. at ¶¶ 14-19.]  Anagaran then used approximately $684,000 of the loan proceeds to make payments in satisfaction of the negotiated settlement, and thereafter received title to the Property.  [Id. at ¶¶ 20-21.]

On May 28, 2009, Anagaran filed a claim in this action providing notice of her claim to a 100% ownership interest in the Property ("Claim").  [Claim of Debra Anagaran, filed May 28, 2009 (dkt. no. 13).]  Attached as Exhibits 1 and 2 to the Claim are copies of mortgages on the Property securing notes in the amount of $150,000 and $600,000, respectively, and referencing Anagaran as the Mortgagor and Borrower and New Century as the Lender.

On June 17, 2009, Anagaran filed the instant Motion.  Anagaran argues that, under 18 U.S.C. section 981(g)(2), she is entitled to a stay of the instant forfeiture action because of her pending criminal case (Criminal No. 09-00019 DAE).  [Mem. in Supp. of Motion at 1-2.]  Anagaran asserts that all of the counts against her in the pending criminal case are related to the alleged fraudulent obtainment of the Property which is the subject of the forfeiture action.  Anagaran argues that allowing the forfeiture action to proceed would undermine her constitutional rights, including the right to remain silent and the right to a fair criminal trial.

## DISCUSSION

A stay of proceedings in a civil forfeiture action is

required if the court determines that the conditions set forth in 18 U.S.C. section 981(g)(2) have been satisfied:

> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that–
> (A) the claimant is the subject of a related criminal investigation or case;
> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
> (C) continuation of the forfeiture proceeding will burden the claimant against self-incrimination in the related investigation or case.

This Court determines that, with respect to Anagaran, all of the conditions set forth in 18 U.S.C. section 981(g)(2) have been met and that a stay of the proceedings against her in the instant action is required.

## CONCLUSION

On the basis of the foregoing, Claimant's Motion for Stay of Proceedings, filed on June 17, 2009, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 30, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**USA V. REAL PROPERTY LOCATED AT 2855 PETE STREET IN HONOLULU, HAWAII, ETC; CIVIL NO. 08-00523 SPK-LEK**