IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 08-00523 JMS-RLP |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DISMISSING GREENCO'S |
| vs. ) | CLAIM |
| ) | |
| REAL PROPERTY LOCATED AT ) | |
| 2855 PETER STREET IN ) | |
| HONOLULU, HAWAII, TITLED IN ) | |
| THE NAME OF DEBRA ) | |
| ANAGARAN, AND DESIGNATED ) | |
| AS TAX MAP KEY NUMBER (1) 3-4- ) | |
| 032-059, TOGETHER WITH ALL ) | |
| APPURTENANCES AND ) | |
| IMPROVEMENTS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| DEBRA ANAGARAN; GREENCO ) | |
| RECOVERY LLC; and FV-1 IN ) | |
| TRUST FOR MORGAN STANLEY ) | |
| MORTGAGE CAPITAL HOLDINGS ) | |
| LLC, ) | |
| ) | |
| Claimants. ) | |
| _____ ) | |

**<u>ORDER DISMISSING GREENCO'S CLAIM</u>**

# I. INTRODUCTION

On November 20, 2008, the United States of America (the "Government") filed this forfeiture action against real property located at 2855 Peter Street, Honolulu, Hawaii (the "subject property"). Greenco Recovery LLC ("Greenco") filed a claim and answer based on its alleged interest in a loan and second mortgage on the subject property.

Before the court is the Government's Motion to Dismiss Claim and Answer Filed by Greenco ("Motion to Dismiss"), pursuant to Federal Rule of Civil Procedure 41(b), based on Greenco's alleged abandonment of its claim, failure to prosecute, and violation of Local Rules 83.1(h), 83.6(b), and 83.11. Doc. No. 79. In addition, this court Ordered Greenco to Show Cause why its claim should not be dismissed for failure to prosecute and failure to follow this court's rules. Doc. No. 81. For the following reasons, the court DISMISSES Greenco's claim.

# II. BACKGROUND

**A.    Factual Background**

On November 20, 2008, the Government filed a Complaint for Forfeiture under seal alleging that the subject property was obtained by Debra Anagaran ("Anagaran") using proceeds traceable to mail fraud and/or wire fraud. Doc. No. 1, Compl. ¶ 8. The Complaint further alleged that Anagaran fraudulently

obtained two mortgages on the subject property from New Century Mortgage Corporation ("New Century"). *Id.* ¶¶ 11-19. In addition to Anagaran and New Century, the Complaint identified Mortgage Electronic Registration Systems, Inc. ("MERS") as a potential claimant by virtue of the two mortgages issued by New Century. *Id.* ¶ 3. On April 1, 2009, the Complaint was unsealed and the Government provided written notice of this forfeiture action to all known potential claimants, including Anagaran, New Century, and MERS. On May 28, 2009, Anagaran filed a claim and answer. Doc. No. 13. Greenco, as the alleged successor-in-interest to the second mortgage between New Century and Anagaran, filed an answer on May 29, 2009, and a claim on June 15, 2009. Doc. Nos. 14-15.

On July 10, 2009, the Clerk of Court entered default against all persons and entities claiming or having any interest in the subject property except for Anagaran and Greenco. Doc. No. 22. And on October 30, 2009, partial default judgment was entered against New Century, MERS, and their successors-in-interest with respect to the first mortgage. Doc. No. 39. However, on November 5, 2010, FV-1 in Trust for Morgan Stanley Mortgage Capital Holdings LLC ("FV-1"), as the successor-in-interest to the first mortgage between New Century and Anagaran, filed a claim and answer pursuant to an October 29, 2010 Order (Doc. No. 57) setting aside the entry of default and partial default judgment

against New Century and its nominees and successors-in-interest with regard to the first mortgage. Doc. Nos. 58-59.

Meanwhile, on July 30, 2009, the court stayed this action pending resolution of the related criminal action against Anagaran. Doc. No. 27. On September 18, 2009, the stay was partially lifted to allow the Government to pursue, among other actions, a settlement with Greenco. Doc. No. 29-2, Order at 2.[1] That same day, counsel for Greenco filed a Motion to Withdraw as Counsel ("Motion to Withdraw"). Doc. No. 30. In support of the Motion to Withdraw, counsel stated that:

> 3. On or about July 21, 2009, we were instructed to withdraw as counsel for GREENCO RECOVERY LLC.
>
> 4. GREENCO RECOVERY LLC transferred its claim and/or interest in the property which is the subject of this forfeiture proceeding to DD Acquisition Sub LLC, a Delaware limited liability company. . . .
>
> 5. Quantum Servicing Corporation ["Quantum"] is its agent for the servicing of the mortgage loan secured by the subject property. All notices, pleadings and other documents and correspondences pertaining to this case, Civil No. CV08-00523, should be provided to the following:
>
> DD Acquisition Sub LLC
> c/o Quantum Servicing Corporation

---

[1] Later, on April 5, 2012, the court again stayed the matter for administrative reasons. Doc. No. 69.

>  6302 E. Martin Luther King Blvd., Suite 300
>  Tampa, FL 33619
>  Attn: Douglas M. Greer
>  Tel. (813) 371-0260

*Id.*, Doi Decl. ¶¶ 3-5.  The Motion to Withdraw provided the following notice:

> DD Acquisition Sub LLC, through its servicing agent, Quantum Servicing Corporation, is hereby notified that they are responsible for complying with all court orders and time limitations established by any applicable rules. DD Acquisition Sub LLC, through its servicing agent, Quantum Servicing Corporation, is further notified that they cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken and default judgment or other sanctions may be imposed against them.

Doc. No. 30, Mot. to Withdraw at 1-2.  On September 30, 2009, the Motion to Withdraw was granted.  Doc. No. 37.

In August 2009, counsel for the Government, and Douglas Greer at Quantum, "discussed the need to substitute DD Acquisition in place of Greenco as a party in the action."  Doc. No. 79-2, Moriyama Decl. ¶ 11; *see* Doc. No. 30, Doi Decl. ¶ 5 (identifying Douglas Greer as the contact at Quantum).  No motion or pleading was filed to substitute DD Acquisition, or any other successor or assign, in place of Greenco in this action.[2]  The Government's last contact with Douglas

---

[2] According to Greenco, the current owner of the beneficial interest in the second mortgage is Greenco Sub II LLC, a subsidiary of Greenco.  *See* Doc. No. 85, Greenco Opp'n at
(continued...)

Greer on behalf of Greenco and/or DD Acquisition was February 2010.  *Id.* ¶¶ 11, 14.  In fact, no substitute counsel appeared on behalf of Greenco or DD Acquisition until December 23, 2013, after the Government filed its Motion to Dismiss.  *See* Doc. No. 84, Notice of Appearance (appearing for Greenco).

On January 25, 2013, Anagaran pled guilty to mail fraud and agreed to forfeit the subject property.  Shortly thereafter, the Government and FV-1 entered into negotiations to resolve FV-1's claim.[3]  On November 1, 2013, the Government and FV-1 reached a settlement "conditioned upon the United States prevailing against any competing claims, including claims by the property owner and other lienholders."  *See* Doc. No. 78, Settlement Agreement ¶ 4.  The Government attempted to settle Greenco's claim, but despite numerous attempts, was unable to contact anyone on behalf of Greenco, DD Acquisitions, or their nominee, successor, or assigns prior to filing the instant Motion to Dismiss.[4]

---

[2](...continued)
2-3 n.1.

[3]  A stipulation for withdrawal of Anagaran's claim and consent to forfeiture was filed on  May 28, 2013.  Doc. No. 75.

[4]  The Government details the following attempts to contact an appropriate Greenco representative:
1. a phone call to Douglas Greer in Spring 2013 during which counsel spoke to Jose Rivas who informed her that Mr. Greer was no longer employed by Quantum and that the loan in question was released to Strategic Recovery Group;
2. a March 8, 2013 letter to Strategic Recovery Group, via certified

(continued...)

The entities servicing the second mortgage loan changed several times and the individual contacts "within those entities changed as people left jobs." Doc. No. 85, Greenco Opp'n at 2. Greenco learned of the pending Motion to Dismiss after it was served on Quantum, at the last known address on file,[5] which then contacted Greenco through Clayton Holdings, LLC, an umbrella servicing entity for Greenco, DD Acquisition and Quantum. *Id.* Shortly thereafter, Greenco obtained new counsel to renew pursuit of its claim. *Id.*

///

///

---

[4](...continued)
        mail, at the address provided by Mr. Rivas that was returned unopened with a stamp "Undeliverable as Addressed. Unable to Forward;"

3. a phone call to Strategic Recovery Group at the number provided by Mr. Rivas during which counsel spoke to several people and was eventually advised to send notice of this action to Phillip Livingston at Vantium Capital/Strategic Recovery;

4. a May 6, 2013 notice letter to Mr. Livingston, via certified mail, that according to a return receipt was received on May 13, 2013, and to which no response was received by the Government;

5. a May 14, 2013 final notice letter, via certified mail, addressed to Greenco and DD Acquisition Sub LLC in care of Quantum, at the last known address for Douglas Greer that was provided in this action, which according to a return receipt was received on May 20, 2013, but to which no response was received by the Government.

*See* Doc. No. 79-2, Moriyama Decl. ¶¶ 18-22.

[5] This was the same address to which the Government sent its May 14, 2013 final notice letter.

B.     **Procedural Background**

On December 2, 2013, the Government filed the instant Motion to Dismiss, Doc. No. 79, and an Ex Parte Motion requesting the court to decide the Motion to Dismiss without a hearing or alternatively, to shorten time for such hearing ("Ex Parte Motion").  Doc. No. 80.  On December 3, 2013, the court granted the Ex Parte Motion to determine the Motion to Dismiss without a hearing and independently ordered Greenco to show cause by December 23, 2013 why its claim should not be dismissed for failure to prosecute and failure to follow this court's rules.  Doc. No. 81.  On December 19, 2013, FV-1 filed a Motion for Joinder to the Motion to Dismiss.  Doc. No. 84.  New counsel for Greenco filed a Notice of Appearance, Doc. No. 84, and a Response in Opposition to the Motion to Dismiss and to the Order to Show Cause on December 23, 2013.  Doc. No. 85. The Government filed a Reply on January 3, 2013, Doc. No. 86, and FV-1 filed a Reply on January 6, 2013.  Doc. No. 87.  Pursuant to the court's December 3, 2013 ruling and Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

///

///

///

### III. **DISCUSSION**

A.   **Motion to Dismiss/Inherent Power of the Court**

   1.   *Rule 41(b)*

The Government seeks an order, pursuant to Rule 41(b), dismissing Greenco's claim based on allegations that Greenco abandoned and failed to prosecute its claim and violated Local Rules 83.1(h),[6] 83.6,[7] and 83.11[8] by failing to retain substitute counsel and failing to file a notice of change of address within fourteen days after the address provided by Greenco's former counsel was no longer valid.

> Rule 41(b) provides, in pertinent part:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.

---

[6] Local Rule 83.1(h) requires counsel and pro se parties to file and serve any change of address (of counsel or of a pro se party) within fourteen (14) days of the change.

[7] Local Rule 83.6(b) requires withdrawing counsel to provide notice to a client that is a corporation, partnership or other legal entity that "such entity cannot appear without counsel admitted to practice before this court[.]"

[8] Local Rule 83.11 prohibits "[b]usiness entities, including but not limited to corporations, partnerships, limited liability partnerships, limited liability corporations, and community associations" from appearing pro se and specifies that such entities "must be represented by an attorney."

Fed. R. Civ. P. 41(b). Rule 41(b) grants district courts discretion to dismiss an action for failure to prosecute, to comply with federal or local rules of civil procedure, or to comply with court orders. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing the court's authority "sua sponte to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (determining that pursuant to Rule 41(b), courts may dismiss an action sua sponte for failure to prosecute or comply with rules of civil procedure or the court's orders).

      The Local Rules are in accord. *See* L.R. 11.1 ("Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions, including . . . dismissal, . . . consistent with applicable law."); L.R. 83.1(h) (authorizing sanctions, including dismissal, for failure to "file and serve on all other parties who have appeared in the action any change of address"); L.R. 83.6 (recognizing that a corporation, partnership, or other legal entity may not appear without counsel, requiring withdrawing counsel to provide notice of such fact and of a client's obligation to comply with all court rules and deadlines, and authorizing imposition of default judgment or other sanctions absent prompt appearance of substitute counsel).

A Rule 41(b) dismissal "must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). And, the court must weigh the following five factors when determining whether to impose a Rule 41(b) sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits. *Id.* (citing *Henderson*, 779 F.2d at 1424).

Courts appear divided, however, as to whether Rule 41(b) authorizes dismissal of *in rem* civil forfeiture claims. *Compare United States v. Approximately $189,040.00 in U.S. Currency*, 2013 WL 4714177, at *2 (E.D. Cal. Aug. 9, 2013) (determining that Rule 41(b) and similar local rules for the Eastern District of California "logically apply with equal force to the prosecution of a claim by a claimant in a civil forfeiture action"), *with United States v. U.S. Currency In the Amount of Six Hundred Thousand Three Hundred and Forty One Dollars and No Cents ($600,341.00)*, 240 F.R.D. 59, 63 (E.D.N.Y. 2007) (finding that Rule 41(b) does not apply to *in rem* claimants), and *Societe Int'l Pour Participations v. Rogers (Societe Int'l)*, 357 U.S. 197, 207 (1958) (stating that

Rule 41(b) "is on its face appropriate only as a defendant's remedy").

### 2. *Inherent Power of the Court*

On December 3, 2013, this court ordered Greenco to show cause "why its claim should not be dismissed for failure to prosecute and failure to follow this court's rules." Doc. No. 81.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 633 (1962) (recognizing courts' power to control their dockets, with or without motion, and noting that in appropriate circumstances, the court may dismiss a complaint for failure to prosecute without notice or hearing). This inherent power is recognized in Rule 83: "A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." It is "broader and more flexible than the authority specified in [Rule] 41(b)." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 951 (9th Cir. 1976) (citing *Link*, 370 U.S. at 630-32). Thus, a court may dismiss an action with prejudice based on a party's failure to prosecute or failure to comply with federal or local rules of civil procedure. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)

(affirming district court's discretionary dismissal for failure to comply with local rules); *Buss v. W. Airlines, Inc.*, 738 F.2d 1053, 1054 (9th Cir. 1984) (affirming dismissal for failure to comply with local rules); *U.S. Currency in the Amount of Six Hundred Thousand Three Hundred and Forty One Dollars and No Cents ($600,341.00)*, 240 F.R.D. at 64 (recognizing court's inherent authority to dismiss claim in civil forfeiture action for failure to prosecute).

Before exercising its inherent power to dismiss an action for failure to prosecute or comply with court rules, the court must consider the same five *Henderson* factors applicable to Rule 41(b) dismissals. *Thompson*, 782 F.2d at 831. "The first two of these factors favor the imposition of sanctions in most cases, while the [fifth] cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) (applying *Henderson* factors to Rule 37 sanction of default for failure to comply with discovery rules).

### 3. *Analysis*

Whether this court considers dismissal of Greenco's claim under Rule 41(b) or the court's inherent power, the analysis is the same. *See Omstead*, 594 F.3d at 1084 (applying *Henderson* factors to Rule 41(b) dismissal); *Thompson*, 782 F.2d at 831 (applying the five *Henderson* factors to dismissal pursuant to the

13

court's inherent power). Thus, the court simply turns to a discussion of the *Henderson* factors.

>   *a.* *The public's interest in expeditious resolution of litigation*

The first *Henderson* factor -- the public's interest in expeditious resolution of litigation -- always favors dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Greenco's failure to prosecute its claim certainly undermines the expeditious resolution of litigation. The court permitted Greenco's counsel to withdraw in September, 2009. But Greenco remained AWOL, despite good faith efforts to contact it by the Government, until new counsel filed an appearance on December 23, 2013. This factor weighs heavily in favor of dismissal.

>   *b.* *The court's need to manage its docket*

The court's need to manage its docket also favors dismissal. *See id.* ("It is incumbent upon the court to manage its docket without being subject to routine noncompliance of litigants[.]"). The only thing standing in the way of closing this action is Greenco's outstanding claim. The other claims in this action were resolved months ago. Anagaran withdrew her claim on May 28, 2013, and FV-1 settled its claim on November 1, 2013, conditioned upon entry of a final judgment and decree of forfeiture. Allowing Greenco's claim to proceed would

only add to the court's already busy docket and delay final resolution of FV-1's claim and settlement. This factor weighs in favor of dismissal.

   *c.*  *The risk of prejudice*

The third *Henderson* factor -- risk of prejudice to the defendants, or in this case, the Government and FV-1 (the other claimant) -- strongly favors dismissal. When determining whether opposing parties have been prejudiced, the court examines whether a party's conduct threatens to interfere with the rightful decision of the case or impairs the parties' ability to go to trial. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Here, Greenco's conduct has interfered with the timely resolution of this action and threatens to nullify a settlement obtained months ago between the remaining parties.

Greenco concedes that despite receiving adequate notice of its obligations under the Local Rules, neither it, nor any subsequent nominee, assign, or servicer, hired substitute counsel after directing prior counsel to withdraw in 2009. Doc. No. 85, Opposition at 2, 5. Greenco also concedes that neither it nor any subsequent servicer updated its contact information after Quantum no longer serviced the loan. *Id.* at 2, 6. Furthermore, because of failures completely of its own making, Greenco concedes that its claim "seems to have fallen through the cracks and been lost in the shuffle." Doc. No. 85, Greenco Opp'n at 2.

Despite the stay, the Government and FV-1 began discussions concerning FV-1's claim in June 2012. Settlement negotiations were complicated due to the need to obtain an appraisal of the subject property, a squatter who refused access, and the unresolved Greenco claim. Doc. No. 79-1, Gov't Mot. at 10; Doc. No. 87, FV-1 Reply at 5. The Government and FV-1 incurred the costs of appraisal and legal fees while Greenco's claim lay dormant. And by its terms, the settlement between FV-1 and the Government cannot be finalized while Greenco's claim remains pending. Should Greenco's claim be allowed to proceed -- despite Greenco's lack of diligence -- FV-1 and the Government would be required to reopen settlement negotiations, incur additional legal expenses, and experience further delay, effectively nullifying their prior efforts. Both the Government and FV-1 have expended significant time and resources on this action. Greenco's lack of diligence has unreasonably delayed resolution of this action and continued delay will further prejudice the remaining parties. This factor weighs heavily in favor of dismissal.

        d.    *The availability of less drastic alternatives*

Less drastic alternatives to dismissal may include a warning or formal reprimand, along with another opportunity to comply with the Local Rules, a fine, and/or imposition of costs or attorney fees. *See In re Phenylpropanolamine (PPA)*

*Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). However, where noncompliance -- particularly a failure to provide current contact information -- is solely the fault of the litigant, and thwarts the timely prosecution of an action, no lesser sanctions are appropriate or available. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (determining no lesser sanction was available and affirming dismissal where failure to update contact information in violation of court rules was the litigant's "own fault").

Under the circumstances of this case, there is no appropriate less drastic alternative available. Greenco received actual notice and a warning that it needed to comply with the Local Rules. In 2009, Greenco's prior counsel provided clear notice of Greenco's obligation to comply with the court's Local Rules requiring the substitution of counsel and updating the proper party and current contact information. Greenco concedes that the Government's counsel discussed the need to comply with those rules months after Greenco's prior counsel withdrew. Greenco cannot explain its failure, or that of subsequent servicers, assigns, or nominees, to comply with the Local Rules or to monitor this action and prosecute its claim once the underlying criminal action had been resolved. Rather, Greenco detailed multiple changes in ownership and servicing of the second mortgage loan, did not refute prior counsel's representation that Greenco and/or

17

Quantum directed counsel to withdraw from the action, and conceded that "part of the problem was the lack of counsel to serve as a contact and manage the claim as servicing was transferred." Doc. No. 85, Greenco Opp'n at 10. Greenco's conduct, coupled with its failure to obtain and promptly substitute counsel, may have resulted in the unforeseen consequence of failure to prosecute its claim, but given the clear notice and warning of non-compliance with the Local Rules, Greenco's conduct was hardly inadvertent. The non-compliance and delay rest squarely with Greenco.

Having already received notice and a warning, as well as an opportunity to provide good cause for its failure to prosecute and comply with Local Rules, additional less drastic alternatives are not available. Thus, this factor weighs in favor of dismissal.

          e.     *The public policy favoring disposition of cases on their merits*

The last *Henderson* factor -- the public policy favoring disposition of cases on their merits -- would not be served by dismissing Greenco's claim. However, this factor is far outweighed by the preceding four factors. *Cf. Malone*, 833 F.2d at 133 n.2 (determining that four factors heavily supporting dismissal outweigh the fifth public policy factor against dismissal). Greenco's failure to

comply with the Local Rules and failure to prosecute its claim have unreasonably delayed resolution of this action to the detriment of the court and remaining parties.

## IV.  CONCLUSION

Based on the foregoing, Greenco's claim is DISMISSED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 23, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Real Property Located at 2855 Peter Street*, Civ. No. 08-00523 JMS-RLP, Order Dismissing Greenco's Claim